[Cite as *Falk v. Ohio Dept. of Transp.*, 2011-Ohio-6978.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KATHY FALK, et al.

    Plaintiffs

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

   Case No. 2011-08261-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

{¶1}   Plaintiffs, Kathy and Charles Falk, filed this action against defendant, Ohio Department of Transportation (ODOT), contending that their vehicle was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on State Route 3.   In the complaint, Kathy Falk described the particular damage event noting that she "was driving south on Route 3 (Ledge Road) and came to a curve in the road at the intersection of Route 606 where I hit a pothole."   Ms. Falk recalled the incident occurred on May 27, 2011, at approximately 5:00 p.m.   Plaintiffs seek recovery of damages in the amount of $207.09, the stated total amount for a replacement tire.   The filing fee was paid.

{¶2}   Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to the damage incident.   Defendant related that the pothole was located at milepost 20.66 on SR 3 in Medina County.    Defendant denied receiving any prior calls or complaints about a pothole or potholes in the vicinity of that location.   Defendant asserted that plaintiffs did not offer any evidence to establish the length of time the pothole existed on SR 3 prior to the incident.   Additionally, defendant contended that plaintiffs did not offer any evidence to prove that the roadway was negligently maintained.   Defendant advised

that the ODOT "Medina County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of Ms. Falk's incident the last time that section of roadway was inspected prior to May 27, 2011.

{¶3}    Defendant argued that plaintiffs have failed to offer any evidence to prove their property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history [record submitted] for the area in question reveals that four (4) pothole patching operations were conducted in the general location as plaintiff's incident."

{¶4}    Plaintiff Kathy Falk filed a response essentially reiterating the allegations contained in her complaint.

{¶5}    For plaintiffs to prevail on a claim of negligence, they must prove, by a preponderance of the evidence, that defendant owed them a duty, that it breached that duty, and that the breach proximately caused their injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."  Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶6}    Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.  However, defendant is not an insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7}    In order to prove a breach of the duty to maintain the highways, plaintiffs must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388.

Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on SR 3 prior to May 27, 2011.

{¶8} Therefore, to find liability, plaintiffs must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶9} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiffs submitted pictures of the intersection at SR 3 and SR 606 which depict at least three circular roadway defects and surrounding areas where patching attempts had been previously conducted.

{¶11} In order for plaintiffs to establish liability on the part of defendant, they must provide evidence of negligence maintenance. *Weitzman v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-07942-AD, jud. aff. (4-8-09), 2008-Ohio-7129. There is demonstrative evidence in the present claim that the pothole Ms. Falk's car struck had

been previously patched. However, there is no record referencing the last time the specific pothole was patched prior to May 27, 2011 or the number of times the pothole was patched before that date. A pothole patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. See *Matala v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618. However, a pothole patch which may or may not have deteriorated over a longer time frame does not constitute, in and of itself, conclusive evidence of negligent maintenance. See *Edwards v. Ohio Department of Transportation, District 8*, Ct. of Cl. No. 2006-01343-AD, jud, 2006-Ohio-7173. Plaintiffs have failed to prove when the pothole that damaged their car had been previously patched or that the patching material was subject to rapid deterioration. See *Kremser v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-01908-AD, 2007-Ohio-3100 (holding plaintiff had not provided evidence to prove that the pothole which his vehicle struck had been previously patched and had rapidly deteriorated). Plaintiffs have not proven negligent maintenance by providing evidence of multiple repairs. Plaintiffs have not produced sufficient evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiffs may have suffered from the pothole. Consequently, plaintiffs' claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KATHY FALK, et al.

    Plaintiffs

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

Case No. 2011-08261-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiffs.

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kathy Falk
Charles Falk
4896 Gateway Drive
Medina, Ohio 44256

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

9/13
Filed 9/28/11
Sent to S.C. reporter 2/6/12